# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

AGUSTIN MERAZ MERAZ,            )
                                )
                Petitioner,     )
                                )      1:04CV924
        v.                      )      1:03CR270-1
                                )
UNITED STATES OF AMERICA,       )
                                )
                Respondent.     )

## RECOMMENDATION AND ORDER OF MAGISTRATE JUDGE ELIASON

Petitioner Agustin Meraz Meraz, a federal prisoner, has filed a motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).[1]   (Docket no. 21)   Petitioner pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). (Docket no. 11)  The court sentenced him to 120 months in prison.  (Docket no. 17)  Petitioner then filed the present motion.  (Docket no. 21)  Respondent responded to the motion.  (Docket no. 25)  Petitioner has filed a reply brief. (Docket no. 31)  Petitioner has also filed a motion to strike respondent's motion for an extension of time to file its response. (Docket no. 27)  The matters are now ready for ruling.

## DISCUSSION

The court must first determine whether this motion should be characterized as a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  It was not initially clear whether petitioner was raising issues under section 2255.  Petitioner contends in his motion that his adjusted base offense level should be lower not only due to the

_____

[1] Petitioner also cited two other inapposite statutes: 18 U.S.C. § 3582(b)(2) and 28 U.S.C. § 994(o).  (Docket no. 21)

guideline amendment he is relying upon, but also because he should have received additional offense level reductions for being a minor participant in the crime and under the safety valve provision. (Docket no. 21 at 3)  These proposed modifications to his offense level do not depend upon an amended sentencing guideline.  They do not merit relief under section 3582(c)(2).  The question is therefore whether the court should address them under section 2255.

There are substantial reasons not to construe this motion to be a section 2255 motion.  First, petitioner did not file the motion as a section 2255 motion.  Rather, he contends in his motion that section 2255 is not a proper vehicle for raising his claims. (Id. at 7)  Second, as the government points out in its response, at the time petitioner filed his motion he had not filed a section 2255 motion and was still within the statute of limitations period for such a filing.  The fact that the court did not warn him that he would have to raise all of his section 2255 claims or risk them being waived, counsels against this court now construing this motion as a section 2255 motion.  See United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002).  Finally, even after the government's response discussing whether this motion should be characterized as a section 2255 motion, petitioner does not request his motion to be so construed and repeats his earlier argument that section 2255 is not a proper vehicle for raising his claims. (Docket no. 31 at 6)  Therefore, the motion is considered pursuant to 18 U.S.C. § 3582(c) only.  A ten-day notice of appeal period therefore applies.  Fed. R. App. P. 4(b)(1).

-2-

It is apparent that petitioner is referring to amendment 640 in his motion. This amendment modified USSG § 2D1.1 to cap a defendant's base offense level at 30 "if the defendant receives an adjustment under § 3B1.2 (Mitigating Role)." USSG § 2D1.1(a)(3) (2003). Petitioner's judgment of conviction was entered on February 20, 2004. (Docket no. 17) Amendment 640 took effect on November 1, 2002. USSG App. C, amendment 640. Therefore, the 2003 edition of the sentencing guidelines, by which petitioner's presentence report was prepared, contained the amendment that petitioner now wishes to apply to his sentence. (PSR ¶ 14) Petitioner was therefore not sentenced to a term of imprisonment which has subsequently been lowered by the Sentencing Commission, as required by section 3582(c)(2). Moreover, petitioner did not receive the required mitigating role adjustment. (PSR ¶ 18) Petitioner's motion should be denied.

Petitioner's motion to strike has no merit and will be denied.

**IT IS THEREFORE ORDERED** that petitioner's motion to strike (docket no. 27) is **DENIED**.

**IT IS RECOMMENDED** that petitioner's motion to modify his term of imprisonment (docket no. 21) be **DENIED**, and that this action be dismissed.

_____
**United States Magistrate Judge**

May 6, 2005